HUNTER, Plaintiff-Appellee, v. GRON et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22876.   Decided November 16, 1953.

Hribar & Dougherty, for plaintiff-appellee.
N. L. Mann, for defendants-appellants.

## OPINION

Per CURIAM:

This is an appeal on questions of law from a judgment recovered by the plaintiff appellee, a licensed real estate broker, in the Euclid Municipal Court as commission for the sale of defendants appellants' home.

The uncontradicted evidence was that the purchasers, through the efforts of the plaintiff, entered into a written agreement on March 14, 1952 to buy defendants' home for the sum of $10,500.00.  The proposed sale was interlocked with the proposed purchase of another home by the defendants.  However, when the defendants were unable to make satisfactory financial arrangements in their purchase, both transactions were called off necessitating the cancellation of all agreements and the return of posted deposits.  The plaintiff successfully carried them out. He, in addition, removed his written listing agreement from the possession of the defendants, carried away his "for sale" signs, withdrew the property from his listings, placed no further advertisements and offered the property to no one thereafter.  On March 22nd, the next day, he was thanked by defendant, Mrs. Gron, "for being cooperative in calling the entire transaction at an end" and accepted a check for $8.72 to cover his expenses in advertising the property.

On April 1st, the defendants informed the purchasers that they had located another house suitable to their situation and would be willing

to sell them their present home provided they offered $11,500.00. Some telephone discussions in generalities had taken place from March 24th on. The purchase at that price was consummated on May 24, 1952.

It is our opinion that the foregoing facts established that the parties by mutual understanding cancelled the plaintiff's employment under and by virtue of the exclusive listing agreement on March 22nd, and plaintiff cannot thereafter lawfully lay claim to a commission for the sale of the property here in question made subsequent to such date by the owner. The defendants negotiated and consummated the sale of their property through their own initiative and efforts and, under the law, were the procuring cause thereof. Plaintiff was not entitled to recover a commission under the plain circumstances presented in this record and the court below, consequently, should have granted defendants' motion for judgment made at the conclusion of all the evidence.

4 R. C. L. 317, Section 55.

"If a broker, after introducing a prospective customer to his employer to no purpose, abandons his employment entirely, or, if procuring a person who proves to be unwilling to accept the terms of his principal, he merely ceases to make further endeavors to negotiate a deal with that particular individual and all negotiations in that direction are completely broken off and terminated, obviously in either case the broker will not be entitled to a commission if his employer subsequently renews negotiations with the same person, either directly or through the medium of another agent, and thus effects a sale without further effort on the part of the broker first employed."

See: **Rabkin v. Calhoun, 83 Oh Ap 222,** 8 Am. Juris. 1069, Sec. 144.

Reversed and final judgment for defendants appellants Exceptions noted. Order see journal.

HURD, PJ, KOVACHY and SKEEL, JJ, concur.